Frankie Lee DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–81–158–CR.

Court of Appeals of Texas,
Waco.

May 27, 1982.

Discretionary Review Refused
Sept. 15, 1982.

Paul E. Gartner, Jr., Khoury & Gartner, Waco, for appellant.

Felipe Reyna, Crim. Dist. Atty., John W. Segrest, Asst. Crim. Dist. Atty., Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

Defendant Frankie Lee Davis was convicted of burglary and his punishment assessed at ten years confinement in the Texas Department of Corrections. He appeals on five grounds of error.

The State's case was based upon circumstantial evidence. Two Waco police officers were summoned to the scene of a burglary in progress at approximately 8:30 p. m. by neighbors who had observed two suspicious looking men walking toward a nearby house from which they subsequently heard the sound of glass breaking; one officer stationed himself near the back door of the home while the other knocked on the front door. Alerted by the knock, one of the burglars darted out the back door, ran through the yard and disappeared into the darkness. The officer jumped the fence surrounding the back yard, but his attempt to apprehend the suspect was thwarted when a large dog forced him to jump back over the fence. The other officer ran to meet him in the back, just in time to catch a glimpse of a second man running from the back door, across and out of the yard. Neither officer was able to view either suspect's face, though each noted how the one he saw was dressed. One of the officers remained at the scene while the other rushed out in his patrol car to search the neighborhood; he was looking for two white males, one in blue jeans and without a shirt, and one in a beige shirt and plaid pants. A very short time later and within a few blocks of the burglarized house he spotted defendant and his brother running across the street; they matched the description of the two seen running from the burglarized house. He gave chase in his car and then on foot. The officer overtook defendant's brother first, and he obeyed the officer's order to stop. The officer continued to chase the other suspect around a building where he had sought cover behind some shelves; after hesitating momentarily, defendant gave up and surrendered to the officer. A short time later a hunting knife which had been taken in the burglary was found on one of the shelves behind which defendant had been hiding. Later, a belt buckle taken in the burglary was discovered among defendant's belongings in the property box at the jail.

■ Ground of error 1 asserts the trial court erred in failing to grant a mistrial after the prosecutor improperly commented on defendant's failure to testify. The comment complained of occurred during closing arguments at the guilt/innocence stage of the trial:

"But keep in mind the fact that that is all it is, a smoke screen. The smoke screen about the times and the seconds and the distances, they didn't explain why this knife was over there in the shelves. They didn't explain why this belt buckle was on the person of the Defendant."

Defendant objected, the objection was sustained, and the jury was instructed not to consider the comment. Defendant's request for a mistrial was denied. Even if the argument above did constitute a comment on defendant's failure to testify, it was harmless because, considering all the evidence, we believe there to be no reasonable probability that it contributed to defendant's conviction. See *Ramos v. State*, Tex. Cr.App., 419 S.W.2d 359, and *Ford v. State*, Tex.Cr.App., 477 S.W.2d 27. Ground of error 1 is overruled.

■ Ground of error 2 asserts error in the trial court's failure to exclude evidence of extraneous offenses which were contained in a "pen packet" introduced by the State during the punishment phase of the trial. Specifically, defendant argues that the inclusion therein of an order revoking defendant's probation, in which it recited that defendant had moved, quit his job without permission, and had failed to pay court costs, injected into evidence extraneous offenses which were not proved beyond a reasonable doubt and were not final convictions. From the record as a whole we are unconvinced that the jury was influenced by the relatively innocuous evidence contained in the order, when they also had before them evidence of a prior misdemeanor conviction, a prior felony conviction, and

considerable evidence of defendant's bad reputation for being a peaceable and law abiding citizen. Furthermore, the punishment was assessed by the jury at ten years, though the range went up to life imprisonment. There is no reasonable probability that the complained of evidence contributed to the number of years assessed. The matter was harmless. *Clemons v. State*, Tex. Cr.App., 605 S.W.2d 567. Ground of error 2 is overruled.

Ground of error 3 asserts the trial court erred in the charge because the portion applying the law to the facts did not itself contain reference to the burden of proof in a circumstantial evidence case. Defendant admits that the charge gave a properly worded instruction regarding circumstantial evidence and the necessity of establishing the facts to a "moral certainty" in a separate paragraph, but he contends such language should have been included in the charging paragraph. This contention was advanced and rejected in the case of *Crocker v. State*, Tex.Cr.App., 573 S.W.2d 190, and is without merit here. Ground of error 3 is overruled.

Ground of error 4 asserts the prosecutor's final argument contained a misstatement of the law and that the trial court erred in overruling his timely objection to the argument. Defendant objected to the following:

"Now, we talked about circumstantial evidence. The difference between circumstantial evidence in this case and direct evidence in this case is about the distance of two or three feet. Had Officer Woodson made it to a position that he could have seen them leave the house, that's direct evidence."

Defendant contends that this language implies that the circumstantial evidence charge was necessary only because the officer did not view the suspect while he was still inside the house. This is incorrect, he asserts, because the charge was necessitated by the inability of the officers to identify the suspects and not by their location when spotted. We do not understand the argument to imply what defendant suggests.

Given the lighting conditions, it is a reasonable deduction from the evidence that had the officers been in a slightly better position, they could have identified the burglars as they were exiting the house, and there would then be no need for a circumstantial evidence charge. We perceive no error. Ground of error 4 is overruled.

Ground of error 5 asserts the trial court erred in overruling defendant's motion to suppress evidence. This point refers to seizure by the police of a belt buckle from the property room where defendant's personal belongings were being held after his arrest; the buckle belonged to the victim of the burglary. The facts show that a buckle was not known to be among the items missing from the house at the time inventory was made of defendant's possessions at the jail. Later, in an attempt to determine the true identity of defendant, who had given the authorities another name upon his arrest, an investigating officer examined defendant's property box hoping to find some identification. Instead he found the buckle, which he then knew was taken in the burglary. Defendant contends that the buckle was the product of a illegal warrantless search and should have been suppressed. This contention is without merit. In challenging the lawfulness of a search, the defendant must show that he had a legitimate expectation of privacy in the area searched that was invaded by the actions of the police officers. *Goehring v. State*, Tex.Cr.App., 627 S.W.2d 159. No such showing could be made under the circumstances of this case. *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771. Ground of error 5 is overruled.

AFFIRMED.