**Robert James SAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 773–82.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 14, 1983.

John G. Gilleland, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece and Michael Olsen, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

In his pro se petition for discretionary review, appellant argues that he was denied effective assistance of counsel. In the court below, appellant's counsel raised four grounds of error. The Court of Appeals, 650 S.W.2d 441, considered the first three grounds of error in detail. The fourth ground of error was presented by counsel at the request of appellant. Counsel asked that this fourth ground of error alleging ineffective assistance of counsel be considered as a pro se brief. The Court of Appeals noted in its opinion that they considered the pro se brief and found no error that should be considered in the interest of justice. We granted appellant's petition for discretionary review in order to consider appellant's claim more closely.

Specifically, appellant argues that he was denied due process and effective assistance of counsel when his court-appointed attorney made the following jury argument at the conclusion of the guilt-innocence phase of the trial:

"... But, as to whether or not—and what we are talking about is whether or not he is guilty of burglary, did he break and enter that lady's house? ... And I'm not fool enough, and I know you're not fool enough either for me to stand up here and tell you that he's not guilty of theft because he is. And he's guilty of theft between $200 and $10,000 and that's what they proved up, a value of over $200 but less than $10,000. But, he's not on trial for steeling (sic) the lady's stuff; he's on trial for burglarizing the house."

The record shows that appellant's indictment alleged two counts of burglary: one, burglary of a habitation with the intent to commit theft (V.T.C.A., Penal Code, Section 30.02(a)(1)), and the second, burglary of a habitation with the actual commission of

theft (V.T.C.A., Penal Code, Section 30.-02(a)(3)). At the conclusion of the presentation of the evidence, the State abandoned the count under Section 30.02(a)(3). The jury was then charged on the offense of burglary of a habitation with the intent to commit theft. Section 30.02(a)(1). There was no charge on any lesser included offenses.

The evidence in the record shows that appellant and his companion were under surveillance by police officers on the day of the offense. Appellant was observed walking to the rear of the victim's house. Twenty minutes later the officers saw him coming from the area around the front door of the house. Appellant was arrested minutes later. A search of appellant and his pockets produced a camera, a pair of large vise grips and approximately fifty pieces of jewelry. The jewelry was later identified by the burglary victim as hers.

■ The adequacy of a counsel's assistance is based upon the totality of the attorney's representation. *Ex parte Robinson,* 639 S.W.2d 953 (Tex.Cr.App.1982); *Passmore v. State,* 617 S.W.2d 682 (Tex.Cr.App. 1981). The test to be applied in determining whether counsel provided constitutionally satisfactory services is the "reasonably effective assistance" standard. *Ex parte Robinson,* supra; *Passmore v. State,* supra; *Ex parte Morse,* 591 S.W.2d 904 (Tex.Cr. App.1980). The constitutional right to counsel does not mean errorless counsel or whose competency or adequacy of his representation is to be judged by hindsight. *Mercado v. State,* 615 S.W.2d 225 (Tex.Cr. App.1981). This test is applicable to both retained and appointed counsel. *Mercado v. State,* supra; *Johnson v. State,* 614 S.W.2d 148 (Tex.Cr.App.1981), and cases cited therein.

■ As noted above, appellant was not on trial for theft but for burglary of a habitation with the intent to commit theft. Thus, the crucial aspect of the State's case was to prove the elements of the burglary. Appellant's counsel, as a means of trial strategy, was arguing that the State had not met its burden in proving the elements

of burglary. The evidence clearly showed that appellant was caught with the stolen goods. However, since the jury was not charged on the offense of theft, defense counsel was arguing that appellant could not be convicted in this case. Defense counsel was merely emphasizing that possession of stolen goods alone was not enough to convict appellant for burglary. The fact that this trial strategy was not successful does not mean that counsel was ineffective. Viewing the totality of counsel's representation and the limited claim of appellant's ground of error, we overrule the appellant's contention.

We also granted this petition for discretionary review to consider a portion of the State's jury argument which appellant contends was a comment on his failure to testify. The prosecutor argued as follows:

> "MR. OLSEN: I want to ask you what you may think or any reasonable person may think, that is the most galling part of this case. That is, that the defense puts on Larry Gibson, says it's a set-up. *He didn't say, 'I didn't do it, I'm not the person that was out there, I didn't have her jewelry in my pockets.'* He says, 'It's a set-up.'" (Emphasis added).

As noted in the Court of Appeals' opinion, witness Gibson was the only defense witness. Although he was not present during the commission of the offense, Gibson testified that he thought appellant had been entrapped. The Court of Appeals found that this argument was an impermissible indirect comment on appellant's failure to testify but held that it was harmless error in light of the evidence against appellant.

■ We agree that the prosecutor's comment could have been interpreted by the jury as a comment on the appellant's failure to testify. We must now determine if the Court of Appeals was correct in finding the error to be harmless. The test to determine whether the error is harmless error is not whether a conviction could have been had without the improper argument, but whether there is a reasonable possibility that the argument complained of might have con-

tributed to the conviction. See, *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). To apply this test, this Court has found it necessary to consider not only the evidence adduced at the guilt-innocence stage, but also the punishment stage. *Garrett v. State*, 632 S.W.2d 350 (Tex.Cr.App.1982); *Clemons v. State*, 605 S.W.2d 567, 571 (Tex.Cr.App.1980); *Jordan v. State*, 576 S.W.2d 825 (Tex.Cr.App.1978).

■ The record shows that appellant, while under surveillance by police officers, was seen driving with a companion slowly up and down residential streets in Houston. At one point, appellant exited the car and walked down a neighborhood street. Officers watched appellant walk around to the back side of the complainant's house. Twenty minutes later they observed appellant walking from the front door area of the complainant's house. Appellant's pockets appeared to be bulging after he left the area of the house. Appellant walked to the parking lot of a restaurant where he rejoined his companion in the car. Police then converged and arrested the pair. A search of appellant's pockets revealed items later identified as having been taken from the complainant's home. The search also revealed a pair of vise grips. When police went back to the residence, they found both front and back doors unlocked and pry marks were found on the back door. A search of the house revealed that several drawers had been opened and overturned, and the complainant's jewelry box had been opened, as well as several cabinets. The complainant testified that she had not given appellant permission to enter her home or to take her property.

At the punishment hearing before the court, evidence of two prior felony convictions were introduced. The court found the enhancement allegations to be true and assessed punishment at life.

Although the evidence in this case is circumstantial in nature, we agree with the Court of Appeals that it is overwhelming as to appellant's guilt. Furthermore, since appellant's punishment was automatic because of his two prior convictions, we cannot say

the prosecutor's comment contributed to the length of his imprisonment. See, *Garrett v. State,* supra; *Ford v. State,* 477 S.W.2d 27 (Tex.Cr.App.1972); *Ramos v. State,* 419 S.W.2d 359 (Tex.Cr.App.1967); *Davis v. State,* 634 S.W.2d 366 (Tex.App.—Waco, 1982) (petition for discretionary review refused).

On the whole record, we are satisfied beyond a reasonable doubt that the error was harmless. *United States v. Hasting,* —— U.S. ——, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983).

The judgments of the Court of Appeals and the trial court are affirmed.

ONION, P.J., and MILLER, J., concur in result.