Opinion issued February 19, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01214-CR
NO. 01-02-01215-CR
NO. 01-02-01216-CR




OMAR ANDREW PRINGLE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court 
Harris County, Texas
Trial Court Cause Nos. 897182, 896975, & 896976




MEMORANDUM OPINION
          Appellant, Omar Andrew Pringle, pleaded guilty without an agreed punishment
recommendation to three indictments charging aggravated robbery. See Tex. Pen.
Code Ann. § 29.03(a)(2) (Vernon 2003). The trial court assessed punishment for
each offense at 70 years in prison, with the sentences to run concurrently. In
considering appellant’s sole issue, we determine whether trial counsel rendered
ineffective assistance in (1) making certain statements in a memorandum addressed
to the trial court for purposes of punishment and (2) allegedly failing to communicate
to appellant the risks of an unnegotiated guilty plea.


 We affirm.
Background
          Within a matter of a few weeks, appellant committed three robberies at
gunpoint. Appellant was arrested and charged separately with each offense. 
Appellant pleaded guilty to each offense without an agreed punishment
recommendation. The trial court deferred a finding of guilt until a pre-sentence
investigation (“PSI”) report could be prepared. At the later PSI hearing, the trial
court received punishment evidence from both parties, found appellant guilty of each
offense, and assessed appellant’s punishment at 70 years in prison.
 
 Standard of Review
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (applying
Strickland standard at punishment phase of non-capital trial). Appellant must show
both that (1) counsel’s performance was so deficient that he was not functioning as
acceptable counsel under the Sixth Amendment and (2) there is a reasonable
probability that, but for counsel’s error or omission, the result of the proceedings
would have been different, i.e., sufficient to undermine confidence in the outcome. 
Strickland, 466 U.S. at 687-96, 104 S. Ct. at 2064-69. Effective assistance of counsel
does not mean errorless counsel. See Saylor v. State, 660 S.W.2d 822, 824 (Tex.
Crim. App. 1983). In determining whether counsel was ineffective, we consider the
totality of the circumstances of the particular case. Thompson, 9 S.W.3d at 813.
          It is the defendant’s burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Id. A defendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial
strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). We normally will
not speculate to find trial counsel ineffective when the record is silent on counsel’s
reasoning or strategy. See Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d); Gamble, 916 S.W.2d at 93. However,
“in the rare case where the record on direct appeal is sufficient to prove that counsel’s
performance was deficient, an appellate court should obviously address the claim .
. . .” Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).
Ineffective Assistance of Counsel
A.      Punishment Memorandum
          Appellant first argues that his trial counsel was ineffective for including certain 
statements in a memorandum that counsel submitted for consideration at the PSI
hearing.


 Specifically, appellant complains that counsel (1) used “bizarre religious
references that did not support the defendant’s cause in any way” and that were
“distracting, confusing, and inappropriate”; (2) inaccurately described appellant’s
crimes as having involved “debauchery,” when there was no evidence of debauchery;
and (3) used inflammatory language—such as “incorrigible”


 and “extremely
heinous”—to describe appellant and his actions.
          Although appellant moved for new trial on this ground, he presented no
evidence showing counsel’s reasoning for the statements in the memorandum.


 
Nothing shows whether counsel had previously employed the strategy underlying the
memorandum, and nothing explains why he adopted that strategy here. Moreover,
although some of the complained-of phrases alone may appear to be unhelpful, when
we read them together with the entire letter and with counsel’s argument and
appellant’s testimony at the sentencing hearing, we conclude that appellant has not
overcome the strong presumption that the memorandum in its entirety could have
constituted sound trial strategy. See Thompson, 9 S.W.3d at 813 (assigning to
defendant burden to prove ineffective assistance of counsel by preponderance of
evidence); Gamble, 916 S.W.2d at 93 (holding that defendant must overcome
presumption that, under circumstances, challenged action might be considered sound
trial strategy).
          For example, the heading preceding counsel’s biblical references was “the
mercy that comes with justice,” and the biblical passages to which counsel referred
were those involving mercy and justice. These references were made in the context
of the remainder of the memorandum, which acknowledged the seriousness of
appellant’s offenses and then requested mercy from the court. In support of his plea
for mercy, counsel argued six mitigating factors: appellant’s age, his drug addiction,
his lack of family structure and support, his lack of education, his being a non-citizen,
and his good conduct since his incarceration. Counsel attached the report of a
psychologist, who had concluded that “[t]here is a high probability that if [appellant]
had not been under the influence of this drug he might not have committed the crimes
he is accused of committing.” Counsel’s letter also asked the court to consider
favorable letters of reference attached to the PSI report. Counsel’s letter further noted
that appellant denied having committed any of the eight extraneous offenses. In the
letter’s conclusion, counsel requested a punishment of 35 years in prison because
“[t]his would allow [appellant] the opportunity at least by the time he is 38 or 39 an
opportunity to make amends as a member of society” and because “[i]t meets the
necessity of punishment and deterrence, but also provides the opportunity of
rehabilitation.” Given these aspects of the memorandum, one possible strategy was
to evoke mercy by candidly admitting to the offenses, acknowledging their nature,
showing remorse, revealing appellant’s desire to improve his life, and denying the
commission of the eight extraneous offenses listed in the PSI report (all but one of
which offenses also involved the use of a firearm). 
          Such a strategy comports with counsel’s questioning and appellant’s testimony
at the PSI hearing.


 For example, appellant admitted that he had pled guilty because
he was guilty; he apologized to the victims of his crimes and to his mother;


 he
testified that he had had a serious drug problem and had been under the influence of
drugs at the time of the offenses; he acknowledged that he needed to be punished for
his crimes and that he was not seeking a “free ride” such as deferred adjudication or
community supervision, but he also requested mercy from the court; and he claimed
that he would seek an education to be productive in society and “to one day make
amends” if the court gave him the opportunity through a lesser sentence. In closing,
counsel again asked that justice be done, but that it be tempered with mercy, and he
referred the court to the mitigating factors that were elicited in testimony, in counsel’s
punishment memorandum, and in the counselor’s report. Counsel also emphasized
that, given the nature of the offenses, appellant was not seeking a punishment as light
as deferred adjudication or community supervision, but was instead seeking a lesser
term of incarceration.
          Additionally, the totality of the record shows that counsel represented appellant
vigorously. See Thompson, 9 S.W.3d at 813 (requiring consideration of totality of
case’s circumstances in determining counsel’s effectiveness); Bui v. State, 68 S.W.3d
830, 835 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (“Whether [ineffective-assistance] standard has been met is judged by the totality of the representation rather
than by isolated acts or omissions by trial counsel.”). Counsel successfully convinced
the trial court not to consider one extraneous offense in the PSI report, and, after the
trial court ruled that it would not consider three more of the offenses, counsel moved
for the court to disregard the remainder. Counsel also obtained the psychologist’s
report noted above, which favorably found that appellant’s drug use had probably
induced his behavior. Counsel cross-examined the State’s only witness. 
Furthermore, counsel presented appellant, who testified at punishment about his
remorse, stated his plans to improve his life, and denied the commission of each of
the four remaining extraneous offenses. Counsel then pleaded for mercy and implied
that he was not seeking an unrealistic punishment, but instead a lower range of
incarceration. 
          We thus conclude that this is not one of those “rare cases” in which we can
assess counsel’s performance on a silent record. See Robinson, 16 S.W.3d at 813 n.7.
          Moreover, counsel’s strategy met with some success, and nothing shows a
reasonable probability that the proceeding’s result would have differed without the
inclusion of the complained-of statements. See Strickland, 466 U.S. at 687-96, 104
S. Ct. at 2064-69 (requiring defendant to show reasonable probability that
proceeding’s result would have been different but for counsel’s error or omission). 
Appellant faced up to life in prison and up to a $10,000 fine for each of the armed
robberies.


 During one of the charged offenses, appellant used two guns, was “very
aggressive,” threatened to shoot one or two patrons, and shot at a plain-clothed police
officer without “any hesitation whatsoever.” The PSI set out eight extraneous
offenses, as to four of which the trial court stated that the State had “established to the
Court beyond a reasonable doubt” that appellant was the offender. As for the PSI
report’s remaining four extraneous offenses, the trial court ruled favorably to
appellant, despite any effect that the complained-of statements might have had, by not
considering them. Finally, the trial court may simply have found that appellant
lacked credibility: appellant’s testimony contradicted the testifying victim’s version
of one of the charged offenses, and appellant denied the commission of the four
extraneous offenses that the trial court had already concluded that he had committed.
          We thus hold that appellant has not shown that counsel was ineffective for
including the complained-of statements in the memorandum or that there was a
reasonable probability that the proceeding’s outcome would have differed without
those statements. See Henderson, 29 S.W.3d at 624; Gamble, 916 S.W.2d at 93.
B.      Communicating Punishment Options
          Appellant next claims that counsel was ineffective for “failing to convince his
client of the enormous risk he was taking regarding sentencing” because “[h]ad
[appellant] fully understood this risk, it would have made a difference in the decision
he made in pleading guilty.” Appellant notes that no punishment evidence would
have been allowed “had [appellant] taken a plea bargain” and that “[t]here was very
little evidence in favor of [appellant]. His counsel should have known that admitting
the enormous amount of evidence against the defendant could not possibly help in his
sentencing.”
          Although appellant’s new trial motion asserted this ground, there was no
hearing on the motion, and he offered no evidence in support. The record does not
show that a plea bargain was offered or requested.


 Neither does the record show that
counsel did not fully advise appellant of the consequences of entering an open plea
or that appellant would have refused to plead in any event. In fact, the record
indicates the opposite. During the plea hearing, in response to his own counsel’s
questioning, appellant testified:
Counsel:I have advised you how I feel about these cases in terms of
how you’re going to plead and whether it would be the best
thing to plead to the Judge and have a [PSI] hearing.
 
Appellant:Yes, sir.
 
Counsel:You’ve understood the things that I shared with you?
 
Appellant:Yes, sir.
 
Counsel:I have explained to you that you are taking a huge risk in
this case, haven’t I?
 
Appellant:Yes, sir.
 
Counsel:And despite what I have explained to you, you have chosen
this option, correct?
 
Appellant:Yes, sir.
 
Counsel:You understand that the Judge could give you as much as
life imprisonment, you understand that?
 
Appellant:Yes, sir.
 
Counsel:You have chosen to go ahead with this particular
procedure?
 
Appellant:Yes, sir.

Similarly, when questioned by the trial court, appellant testified that he had not been
promised a specific punishment; that he knew that, by pleading guilty without an
agreed punishment recommendation, the trial court could assess punishment
anywhere from deferred adjudication to life in prison and that there were not “any
guarantees”; and that he had reviewed his plea papers with his counsel, who had
explained to appellant each paragraph that appellant had initialed, and that he
understood all of his counsel’s explanations. And appellant again testified at the PSI
hearing that his counsel had explained to him the allegations’ severity and the
punishment range, and appellant acknowledged that the trial court had the power “to
take your freedom away from you for a long, long time.” 
          Accordingly, we hold that appellant has not shown that counsel was deficient. 
See Bone, 77 S.W.3d at 835 (holding that assertions of ineffective assistance of
counsel must be firmly founded in record).



          Conclusion
We overrule appellant’s sole issue.
We affirm the judgment of the trial court.
 
 

                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).