Opinion issued November 24, 2004 













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01116-CR




RAYMOND THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 947268




MEMORANDUM OPINION
          Appellant, Raymond Thomas, pleaded not guilty to the third-degree felony of
assault on a household member. See Tex. Pen. Code Ann. § 22.01(b)(2) (Vernon
2003). The indictment alleged that appellant caused bodily injury to a member of his
household by striking her with his hand, and further alleged that appellant had been
previously convicted of assault on a household member. A jury found appellant
guilty and assessed punishment at eight years in prison and a $10,000 fine. In two
points of error, appellant contends that he received ineffective assistance of counsel
because his trial counsel (1) did not investigate complainant’s history of mental
illness and drug abuse and (2) did not request a self-defense jury instruction. We
affirm.
Background
          For approximately two years, “on and off,” appellant and complainant,
Christina Smith, resided together at an apartment complex in north Houston, but they
began living together “full time” approximately two months before April 2003. On
the evening of April 9, 2003, after taking Vicodin and Lortab, medications for pain
for which she had no prescriptions, and consuming alcohol, complainant went to a
nearby seafood restaurant to drink beer with appellant. They both drank alcohol at
the seafood restaurant and then went to another restaurant and drank more alcohol,
until employees refused to serve appellant more beer because they believed he was
too intoxicated. When employees asked appellant to leave the restaurant because he
was disturbing the other patrons, appellant walked outside and made obscene
gestures towards the people inside the restaurant before leaving the premises. 
Complainant left the restaurant a short while later after finishing her dinner. She
went to their apartment, but, when appellant was not there, she visited a friend who
lived in the same apartment complex. While there, complainant consumed more
Vicodin and Lortab. After calling the apartment and finding appellant there,
complainant immediately returned home, where she found appellant. He was angered
and yelling obscenities at her and punched her in the face with a closed fist, causing
her to feel pain. 
          Complainant went to the bedroom to gather some clothes in an attempt to leave
and told appellant she was going to call the police. Appellant said he would kill her
before she could call the police and told her he did not want her to leave the
apartment. As she tried to leave, appellant pushed her down onto the hallway floor,
got on top of her, and “banged” her head against the floor three times. Complainant
ran out of the apartment and ultimately called police from a nearby apartment. Police
officers arrived and arrested appellant shortly thereafter. 
          At trial, complainant described her condition as “very intoxicated” due to her
consumption of at least five Lortab pills, seven Vicodin pills, and at least eight to ten
beers that day. Under cross-examination, complainant acknowledged that it was
possible that she was in a “mutual combat situation,” that she could not remember
whether she pushed appellant or hit him with an ashtray, and that she did not know
whether appellant hit her intentionally. During redirect examination by the State,
however, complainant testified that there was no accident when appellant struck her
in the face with a closed fist, or when he banged her head on the ground. A peace
officer, who spoke to complainant shortly after she was assaulted, testified at trial that
complainant told the officer that appellant abused her verbally, slapped her across the
face with an open hand several times, hit her in the face with his fist, threatened to
kill her if she called the police, and threw her down on the ground, causing a lump on
her head. 
          After appellant was convicted, substituted counsel filed a motion for new trial
claiming ineffective assistance of counsel. One complaint in the motion alleged that
trial counsel did not investigate the complainant’s history of mental illness and
substance abuse. Appellant’s trial counsel testified at the hearing on the motion for
new trial that, when he spoke to the complainant before trial, she wanted to dismiss
the charges against appellant, although she maintained that the incident occurred. 
Appellant’s trial counsel acknowledged that he did not subpoena the complainant’s
medical records concerning any mental illness or substance abuse, but he explained
that he believed her to be competent, based on his having personally discussed the
offense with her numerous times. The motion for new trial did not assert
ineffectiveness on the grounds that trial counsel did not request a jury charge on the
issue of self-defense, and trial counsel was not asked to explain his reasons for that
decision at the hearing on the motion for new trial. The trial court overruled
appellant’s motion.Ineffective Assistance of Counsel
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Appellant must show both that (1) counsel’s performance was so deficient
that he was not functioning as acceptable counsel under the Sixth Amendment and
(2) there is a reasonable probability that, but for counsel’s error or omission, the result
of the proceedings would have been different, i.e., the error or omission was
sufficient to undermine confidence in the proceeding’s outcome. Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064; Thompson, 9 S.W.3d at 812. The constitutional right to
counsel does not mean the right to errorless counsel. See Saylor v. State, 660 S.W.2d
822, 824 (Tex. Crim. App. 1983). In determining whether counsel was ineffective,
we consider the totality of the circumstances of the particular case. See Thompson,
9 S.W.3d at 813.
          The defendant has the burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Id. A defendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial
strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). We will normally
not speculate to find trial counsel ineffective when the record is silent on counsel’s
reasoning or strategy. See Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d); Gamble, 916 S.W.2d at 93.
Failure to Investigate
          Appellant contends that trial counsel was ineffective because he did not obtain
complainant’s medical records, which documented her history of “severe mental
illness and substance abuse issues.”
          An attorney representing a criminal defendant must make an independent
investigation of the facts of the case. See McFarland v. State, 928 S.W.2d 482, 501
(Tex. Crim. App 1996). This encompasses the duty to conduct a legal and factual
investigation and to seek out and interview potential witnesses. See Ex parte
Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Defense counsel should not,
as a matter of course, rely on the veracity of either his client’s version of the facts or
witness statements in the State’s file. McFarland, 928 S.W.2d at 501. In the wake
of Strickland, however, the duty to conduct an investigation is not absolute. 
McFarland, 928 S.W.2d at 501. Under Strickland, an attorney has the duty “to make
reasonable investigations or to make a reasonable decision that makes particular
investigations unnecessary.” McFarland, 928 S.W.2d at 501. A decision not to
investigate must be directly assessed for reasonableness in all circumstances,
although we apply a heavy measure of deference to trial counsel’s judgment. Id. We
will not reverse a conviction unless the consequence of the failure to investigate is
that the only viable defense available to the accused is not advanced, and there is a
reasonable probability that, but for counsel’s failure to advance the defense, the result
of the proceeding would have been different. Id.; Cantu v. State, 993 S.W.2d 712,
718 (Tex. App.—San Antonio 1999, pet. ref’d). 
          Appellant has not established that trial counsel acted unreasonably in deciding
not to pursue a further investigation into complainant’s mental health and substance-abuse history by obtaining her medical records. As trial counsel explained at the
motion for new trial hearing, he spoke to complainant on numerous occasions and
believed her to be competent because she appeared to be cognizant of the facts
surrounding the assault and was aware of the trial proceedings. Moreover, although
the medical records admitted into evidence at the motion for new trial hearing show
that the complainant has a history of mental illness and substance abuse,


 the record
also demonstrates that she was responsive to counsel’s questions during the trial and
cognizant of the events of the assault, both on the night of the assault, when she spoke
to the peace officer, and during trial, when she explained the events to the jury. The
record also shows that the jury was well aware of complainant’s state of intoxication
on the night of the assault, by her own admission that she consumed large quantities
of alcohol and illegal pills and was “very intoxicated.” Under the circumstances
presented here, that complainant had a history of substance abuse would have little
relevance, if any, to her state of intoxication on the night of the assault.
          Finally, we note that appellant has not demonstrated that he was deprived of
his sole viable defense. As appellant acknowledges in his brief, the “records would
only have served to strengthen the defensive strategies.” Even if complainant’s
medical records might have enhanced appellant’s defense, appellant has neither
argued nor established that failure to obtain the records precluded him from
presenting a viable defense. At the hearing on appellant’s motion for new trial, trial
counsel explained that he and appellant had jointly developed an “accident” defense
strategy premised on the theory that complainant initiated an argument, and appellant
unintentionally hit her as he attempted to get away from her. Trial counsel testified
that he did not believe that there would have been a different outcome at trial if he
had obtained more information about complainant’s psychiatric history. Likewise,
he did not believe that bringing up her mental health history would be a good
strategy. In accordance with appellant’s wishes, trial counsel presented the defense
of accident to the jury. Because appellant relied on that defense, he was not deprived
of it by the failure to present evidence of complainant’s history of substance abuse or
evidence of her mental history. See Cantu, 993 S.W.2d at 718. We conclude that
appellant has not established that his trial counsel was ineffective and therefore has
not met the first prong of the Strickland test. See Strickland, 466 U.S. at 687. 
Therefore, the trial court did not abuse its discretion by overruling appellant’s motion
for new trial.
          Appellant’s first point of error is overruled. 
Failure to Request Jury Instruction of Self-Defense
          In his second point of error, appellant contends that he was denied effective
assistance of counsel because his trial counsel did not request a jury instruction on
self-defense. 
          Assuming without deciding that appellant was entitled to a self-defense jury
instruction, the record shows that trial counsel’s strategy was to pursue the defense
of “accident,” based on lack of criminal intent, rather than the defense of self-defense. 
Trial counsel could reasonably have concluded that the jury could have found the
“accident” defense less credible if he proceeded with both accident and self-defense
as defense theories, which the jury could perceive as inconsistent. See Marlow v.
State, 886 S.W.2d 314, 317 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d)
(holding trial counsel may reasonably choose defensive theory of self-defense as only
defensive theory, as a matter of trial strategy, even though other defensive theories
were available). Because appellant did not claim in his motion for new trial that his
trial counsel was ineffective by not requesting the self-defense jury charge, and
because no testimony was elicited concerning counsel’s reasons for not requesting the
charge, no evidence in the record demonstrates counsel’s reasons for his decision. 
Accordingly, appellant has not rebutted the presumption that his trial counsel’s 
decisions were made in the exercise of reasonable professional judgment and
motivated by sound trial strategy. See Gamble, 916 S.W.2d at 93. 
          Appellant’s second point of error is overruled.
Conclusion 
          We affirm the judgment of the trial court.
          
 
 

 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.4.