Opinion issued November 1, 2007













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01004-CR






JAMES ASA WYNKOOP, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1049564





O P I N I O N


 Appellant, James Asa Wynkoop, pleaded guilty, without an agreed punishment
recommendation from the State, to the second-degree-felony offense of sexual assault
of a child. See Tex. Pen. Code Ann. § 22.011(a)(2)(A) (Vernon Supp. 2006). After
a pre-sentence investigation and hearing, the trial court found appellant guilty and
assessed his punishment at 14 years in prison. We determine whether appellant was
denied effective assistance of counsel by trial counsel's failure to call an expert
witness at the punishment hearing. We affirm.


Background


 Appellant and the complainant, A.J., first met when she was 10 years old. The
two became reacquainted when she was 14, after appellant had been hired as the
trainer for her horse. The two began training together daily and, shortly thereafter,
a sexual relationship began. At this time, appellant was 48 years old, and the
complainant was 14. The complainant became pregnant and, on September 2, 2005,
gave birth to a baby girl. The baby was born with a massive, arachnoid cyst in her
brain, which rendered her severely mentally and physically handicapped. For what
is expected by doctors to be a short life, the baby will require constant medical
attention. 

 On December 8, 2005, appellant pleaded guilty to the felony offense of sexual
assault of a child. A pre-sentence-investigation ("PSI") hearing was set for August
3, 2006. Due to the late arrival of the PSI report, appellant and his trial counsel did
not go over the report until late on the night before his hearing, whereupon it was
discovered that there were certain factual inaccuracies that could be cleared up at the
hearing the next day. 

 In his affidavit in support of his motion for new trial, appellant averred that he
was led to believe that trial counsel intended, on cross-examining the complainant
and her mother, to dispute their assertions in the PSI report that he had threatened the
complainant with a gun and had warned her not to tell anybody that he was the father
of her unborn child. Appellant testified at the motion-for-new-trial hearing that he
was led by trial counsel to believe that these allegations were to be a main focus of
trial counsel's cross-examination of the complainant and her mother. However, trial
counsel declined to cross-examine both witnesses. At the motion-for-new-trial
hearing, trial counsel testified that his reason for making this decision was strategic
and that he "didn't want to go back and forth with the mother of a victim" about
certain things. Instead, trial counsel presented at the PSI hearing a psychiatrist and
a probation officer who testified to appellant's suitability for community supervision.

 Appellant also testified at the motion-for-new-trial hearing that he believed that
he and other character witnesses were to be called at the PSI hearing to offer
testimony of appellant's good standing in the community. However, appellant stated
that trial counsel told him that things were going well and that appellant would not
need to testify. Appellant and his trial counsel also disputed whether trial counsel told
appellant that the sexual assault charge was a "3g" offense and that, if convicted,
appellant would have to serve at least half of the sentence imposed by the court.

Ineffective Assistance of Counsel

 Appellant's sole point of error on appeal is that he was denied effective
assistance of counsel at the punishment phase of trial because of trial counsel's failure
to call an expert witness to testify that the complications suffered by the
complainant's baby were genetic, unpreventable, and had nothing to do with "the acts
or omissions of the appellant during the complainant's pregnancy." Appellant's
argument emphasizes that the lack of mitigating testimony to counter testimony from
the complainant and her mother as to the extremely adverse conditions inherent in
caring for a newborn with severe birth defects was an unreasonable exercise of trial
strategy and was prejudicial to appellant.

A. Standard of Review

 The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (applying
Strickland standard at punishment phase of non-capital trial). Appellant must show
both that (1) counsel's performance was so deficient that he was not functioning as
acceptable counsel under the Sixth Amendment and (2) there is a reasonable
probability that, but for counsel's error or omission, the result of the proceedings
would have been different, i.e., the error or omission was sufficient to undermine
confidence in the proceeding's outcome. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064. The constitutional right to counsel does not mean the right to errorless counsel. 
Saylor v. State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining
whether counsel was ineffective, we consider the totality of the circumstances of the
particular case. Thompson, 9 S.W.3d at 813. 

 It is the defendant's burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Id. A defendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial
strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); Gamble, 916
S.W.2d at 93. 

B. Discussion

 Appellant emphasizes the trial court's comments, just prior to sentencing
appellant to 14 years in prison, when the trial court seized upon an unobjected-to
argument the prosecutor had made by stating:

 There was no prenatal care, no prenatal education . . . She didn't have
prenatal care. She wasn't educated. She didn't have a doctor
supervising her pregnancy as a teenager, which is . . . it's common
knowledge it is always dangerous. So, the result is a baby that's born
with a quarter of a brain at best.



 However, during the motion-for-new-trial hearing, trial counsel openly
discussed his opinion that calling an expert to refute the possible link between the
complainant's lack of prenatal care (caused by appellant's threats to the complainant)
and the birth defects suffered by the baby would have been in direct opposition to
the strategy that he wanted to pursue. Although trial counsel did not expressly state
at the motion-for-new-trial hearing what that strategy was, the strategy can be
inferred from the witnesses that trial counsel had called at the PSI hearing. At the
PSI hearing, trial counsel called two experts: one was a doctor, who was certified in
psychiatry, neurology, and forensic medicine; the other was a former parole and
probation officer. Both experts testified that they believed that appellant was a
suitable candidate for community supervision. 

 It is thus reasonable to infer that trial counsel's strategy at punishment was
focused on establishing appellant's suitability for community supervision and his
low risk of recidivism. In appellant's motion-for-new-trial hearing, trial counsel
testified that he did not interview or call an expert to defuse the potential causation
argument for the following reason:

 I just didn't feel that it was something to expend time and effort on. It's
not something that I felt like, given what we were bringing to the Court,
and the request that we're making, it didn't . . . it just wasn't something
that I felt like was a controlling issue in the case.


Trial counsel also testified that "[w]hether or not prenatal care had anything to do
with [the baby's birth defect] or not, one thing that is absolutely certain is that it was
[appellant's] baby. So ultimately from a fault standpoint, it is his fault. That's why
I chose not to split that hair." In other words, in showing that appellant was taking
responsibility for his actions so as to be a good candidate for supervision, trial
counsel did not want to split hairs between being responsible for causing the birth,
but not being responsible for causing the birth defects, of the complainant's baby.

 To be successful on his ineffective assistance claim, appellant must show that
the choices made by trial counsel were not part of any reasonable trial strategy. See
Gamble, 916 S.W.2d at 93. Further, "[c]ounsel's performance will not be found
deficient unless the conduct was so outrageous that no competent attorney would
have engaged in it." Shanklin v. State, 190 S.W.3d 154, 160 (Tex. App.--Houston
[1st Dist.] 2005, pet. dism'd) (discussing Bone, 77 S.W.3d at 844-34). Appellant
reasons that trial counsel's strategy not to investigate "[w]hether a link existed
between the Complainant's lack of prenatal care and the baby's birth defect is not
tantamount to a reasonable investigation upon which to base a trial strategy." We
disagree. It was not an unreasonable professional judgment to focus time and energy
on establishing, through expert witnesses, that appellant was a first-time offender
who would be an excellent candidate for community supervision.


 We cannot say that the strategy employed by trial counsel was unreasonable. 
In Blott v. State, the Court of Criminal Appeals held that "[t]his court will not second
guess through hindsight the strategy of counsel at trial nor will the fact that another
attorney might have pursued a different course support a finding of ineffectiveness." 
588 S.W.2d 588, 592 (Tex. Crim. App. 1979). 

 We also find appellant's reliance on our decision in Rivera v. State, 123
S.W.3d 21 (Tex. App.--Houston [1st Dist.] 2003, pet. ref'd), to be misplaced. In
Rivera, the appellant was charged with aggravated robbery and was appointed new
counsel during the punishment phase of his trial. Id. at 24-25. Counsel had only
nine days to prepare for the sentencing hearing and failed to request 10 days' notice
or a continuance so that he could verify that the PSI report was accurate. Id. at 25. 
This Court held that counsel's failure to investigate his client's background
adequately violated the first prong of the Strickland test. Rivera, 123 S.W.3d at
31-32. However, our holding in Rivera was narrow and was applied to counsel who
had been brought in to defend a client only at the punishment phase of trial. See id.
at 29-32. 

 Nevertheless, appellant argues that Rivera applies to the facts of this case and
suggests that "[i]t cannot be argued that a given course of conduct is within the realm
of trial strategy unless and until the trial attorney has conducted the necessary legal
and factual investigation that would enable him to make an informed, rational
decision." Even assuming that a full investigation of the causation issue would have
shown no link between the lack of prenatal care and the baby's birth defects,
appellant has not shown why trial counsel's election to focus on appellant's
suitability for community supervision, instead of on that causation issue, constituted
deficient representation. Indeed, trial counsel reasonably could have determined that
introducing evidence of the lack of this type of causation could have undermined his
strategy in two ways: (1) by emphasizing the birth defects that would not have
existed apart from appellant's having sexually assaulted the complainant and (2) by
giving the impression that appellant sought to evade part of the blame for his actions.

 Ultimately, appellant's challenge fails because trial counsel had a reasonable
trial strategy that he carried out in a reasonable manner. Therefore, we hold that
appellant did not meet his burden of proof on the first prong of Strickland, making
it unnecessary to address the second prong. 

 We overrule appellant's point of error.


Conclusion

 We affirm the judgment of the trial court. 

 

 Tim Taft,

 Justice


Panel consists of Justice Taft, Hanks, and Higley.


Publish. See Tex. R. App. P. 47.2(b).