

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00270-CR

**RONALD GENE KIMBRELL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2009-1200-C2**

## MEMORANDUM OPINION

After Appellant Ronald Gene Kimbrell made an open plea of guilty to the first-degree felony offense of possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams, a jury assessed his punishment at twenty years' confinement. In one issue, Kimbrell contends that his trial counsel "rendered ineffective assistance in failing to object to (1) 'expert testimony' by a venireperson, (2) expert testimony by the State's attorney, (3) expert testimony from

witnesses, and (4) closing argument by the State, that was inflammatory and not relevant to the issue of Kimbrell's punishment."

To prevail on an ineffective assistance of counsel claim, the appellant must prove by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) the defense was prejudiced by counsel's deficient performance. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). The appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if Kimbrell overcomes the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). To overcome the presumption of reasonably professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. When the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court. *Gamble v. State*, 916 S.W.2d 92, 93

(Tex. App.—Houston [1st Dist.] 1996, no pet.) (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)).  Therefore, absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim.  *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  To warrant reversal without affording counsel an opportunity to explain his actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'"  *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007).

Kimbrell relies heavily on *Ex parte Lane*, 303 S.W.3d 702 (Tex. Crim. App. 2009), to support his argument that his trial counsel provided ineffective assistance.  *Lane* is distinguishable from the current case because it is a habeas case in which an evidentiary hearing was held to address the merits of Lane's challenges to his trial counsel's performance.  *See id.* at 709, 716.  Here, the record is silent as to defense counsel's reasons for not objecting to the various "expert testimony" and closing argument by the State.  To conclude then that trial counsel was ineffective based on the asserted grounds would call for speculation, which we will not do.  *See Jackson*, 877 S.W.2d at 771; *Gamble*, 916 S.W.2d at 93.  We thus conclude that Kimbrell has not overcome the presumption that counsel's decisions were reasonably professional and motivated by sound trial strategy.  *See Salinas*, 163 S.W.3d at 740; *Gamble*, 916 S.W.2d at 93.

We overrule Kimbrell's sole issue and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed March 21, 2012
Do not publish
[CR25]