

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00337-CR
_____

MARCUS DEE SCOTT, APPELLANT

V.

THE STATE OF TEXAS

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2018-1052-C1, Honorable Thomas C. West, Presiding

July 11, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

A jury convicted Marcus Dee Scott of the February 2016 murder of Unekeyia "Niki" Walker and sentenced him to life in prison.[1] Appellant appealed,[2] arguing that the trial court erred by admitting evidence of his 1998 and 2005 felony convictions and that his

---

[1] The range of punishment was enhanced by proof of Appellant's two prior final felony convictions. *See* TEX. PENAL CODE ANN. § 12.42(d) (setting the term of incarceration at life or from 25 to 99 years).

[2] This appeal was originally filed in the Tenth Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

trial counsel was ineffective at three points during the trial.  We overrule Appellant's issues and affirm the trial court's judgment.

## Background

Appellant does not challenge the sufficiency of the evidence, so only essential facts are discussed.  Appellant and Walker had a "toxic" relationship, according to Appellant's friend.  Appellant admitted to law enforcement that he had been physically violent with Walker, including choking her once resulting from "play fighting."

According to testimony, on February 2, 2016, Appellant and Walker broke up.  That night, Walker arrived at her cousin, Donald Childress's, house, appearing scared and stating that Appellant was "stalking" or "harassing" her.  Appellant entered Childress's house unannounced, appearing nervous and "hyped up."  Despite attempts to calm them, Appellant and Walker continued to argue.

Later, Walker and Childress drove Appellant home.  Walker agreed to call Appellant the next morning, and Appellant responded she would regret it if she did not.  Walker told Childress she was scared of Appellant and spent the night at Childress's house, leaving the next morning before he woke up.

Two days later, Childress and his mother found Walker dead in her vehicle in front of a home where she had been moving.  Investigators found Appellant's blood on the passenger seat.  Appellant claimed the blood resulted from a scratch on his arm during "play fighting" with Walker, but later attributed the cause to contact with a kitchen cabinet.

The medical examiner ruled Walker's death a homicide by strangulation.

2

**Analysis**

**First Issue: Admission of 1998 and 2005 Felony Convictions at Guilt/Innocence**

In his first issue, Appellant argues the trial court abused its discretion and committed reversible error by admitting evidence of his 1998 conviction for aggravated assault and his 2005 conviction for engaging in organized criminal activity (theft over $1,500 but under $20,000) during the guilt/innocence phase of the trial. However, Appellant did not object to the admission of these prior felony convictions, thereby forfeiting any challenge to their admission on appeal. *See* TEX. R. APP. P. 33.1(a). Therefore, Appellant's first issue is overruled.

**Second Issue: Ineffective Assistance of Trial Counsel**

Appellant argues his counsel rendered ineffective assistance by (1) failing to object to the admission of two prior felony convictions during the guilt/innocence portion of trial, (2) failing to object to and cross-examine a police officer on family violence statistics, and (3) presenting expert testimony about Appellant's dangerousness at punishment. To prevail on an ineffective assistance of counsel claim under the familiar *Strickland v. Washington* standard,[3] Appellant must prove both that counsel's performance was deficient, and that the deficiency prejudiced his defense. If either prong is not met, the claim fails. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

---

[3] 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984).

3

Under the first prong, Appellant must show his counsel's conduct was deficient under an objective standard of reasonableness.[4] Appellant must overcome a strong presumption that counsel's performance was within the wide range of reasonable professional assistance. *Burns v. State,* No. 10-14-00053-CR, 2015 Tex. App. LEXIS 9041, at *10 (Tex. App.—Waco Aug. 27, 2015, pet. ref'd) (mem. op., not designated for publication). Any allegations of ineffectiveness must be firmly founded in the record and affirmatively demonstrate the alleged ineffectiveness. *Thompson,* 9 S.W.3d at 814 (internal quotation marks and citation omitted).

Under *Strickland's* second prong, an appellant must show that the deficient performance prejudiced his defense. Specifically, he must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Crucet v. State,* 658 S.W.3d 799, 803 (Tex. App.—Waco 2022, pet. ref'd) (cleaned up). The Supreme Court defines this "reasonable probability" as a "probability sufficient to undermine confidence in the outcome." *Crucet,* 658 S.W.3d at 804 (citing *Strickland,* 466 U.S. at 694).

The right to counsel does not ensure error-free representation, and adequacy is not judged through hindsight. *Saylor v. State,* 660 S.W.2d 822, 824 (Tex. Crim. App. 1983) (per curiam). Isolated errors do not establish ineffective assistance, nor can it be determined by examining only part of the counsel's performance. *Ex parte Welborn,* 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Counsel should generally have the opportunity to explain their actions before being deemed ineffective. *Rylander v. State,* 101 S.W.3d

---

[4] *Pate v. State*, No. 07-15-00397-CR, 2017 Tex. App. LEXIS 8447, at *13 (Tex. App.—Amarillo Sept. 6, 2017, pet. ref'd) (mem. op., not designated for publication.).

107, 111 (Tex. Crim. App. 2003). In the absence of a record showing an attorney's opportunity to explain, we only reverse for ineffective assistance when the appellant proves conduct "so outrageous that no competent attorney would have engaged in it." *Roberts v. State,* 220 S.W.3d 521, 533–34 (Tex. Crim. App. 2007) (cleaned up).

1. Offer of Two Prior Felony Convictions at Guilt/Innocence

Appellant alleges that counsel erred by failing to object to the State's offer of his 1998 and 2005 felony convictions, claiming they were too remote to be admissible. The trial court admonished Appellant of the risk that the State could bring up all of your prior convictions and arrests if he took the stand.

During Appellant's murder trial, evidence was admitted regarding his 2005 conviction for engaging in organized criminal activity by committing theft over $1,500 and under $20,000, as well as a 1998 conviction for aggravated assault with a deadly weapon. Evidence of prior felony convictions older than ten years can be admitted at the court's discretion, weighing the evidence's probative value against its prejudicial effect. TEX. R. EVID. 609(b). Such evidence may also be admissible to prove factors like motive, intent, or absence of mistake. TEX. R. EVID. 404(b). Further, the trial court instructed the jury on limiting the use of these prior convictions. Given the trial court's admonishment as a potential sign that the evidence would be admitted regardless, we interpret counsel's decision not to object as a strategy to avoid drawing further attention to the convictions. *Baker v. State,* No. 05-08-00977-CR, 2009 Tex. App. LEXIS 3129, at *5–6 (Tex. App.—Dallas May 7, 2009, no pet.) (mem. op., not designated for publication) (concluding that defense counsel was not ineffective for failing to make a futile objection).

5

2. Police Testimony of Probability of Murder or Near-murder by Strangulation

At trial, Detective Erin McCullough of the Waco Police Department's Family Violence Unit testified about a study indicating a 750% increased likelihood of being "almost murdered or murdered" in future strangulation assaults if strangulation had previously occurred in an intimate partner relationship. Appellant's counsel did not object to or cross-examine McCullough on the study's findings.

The Court fails to see the appropriateness of admitting data that, at most, would prejudicially suggest a criminal defendant was predisposed to commit a crime simply because others have done so. Nevertheless, we do not have a copy of the study in the appellate record. Although Appellant attached a copy to his brief in the appendix, we ordinarily may not consider items outside the record attached to a brief. *See Hutchinson v. State,* No. 10-13-00120-CR, 2014 Tex. App. LEXIS 4202, at *7 (Tex. App.—Waco Apr. 17, 2014, pet. ref'd) (mem. op., not designated for publication) ("We cannot consider evidence or documents outside the appellate record unless it is necessary to determine our jurisdiction."). Moreover, the record is silent as to counsel's reasons for not objecting to or challenging the testimony.

3. Punishment Opinion Testimony of Appellant's Dangerousness

Finally, Appellant contends counsel was ineffective for eliciting prejudicial expert testimony of dangerousness at the punishment phase of trial. William Lee Carter, a psychologist, evaluated Appellant in 2020 and three times in 2023. Carter opined that Appellant exhibited psychopathic tendencies and diagnosed him with antisocial

personality disorder, but added Appellant "is a very different person today" because he suffers from blindness and resulting lack of mobility.

On appeal, Appellant argues that using Carter as a defense witness at punishment was a poor strategy, rendering the trial fundamentally unfair. We cannot agree with this conclusion without evidence of trial counsel's reasons. Appellant presented testimony that blindness and immobility had made him a less dangerous person by the time of the trial. While we cannot definitively assess the strategy's effectiveness, the intent to mitigate is clear. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (declining to speculate about why counsel choose not to challenge venire member).

Our review of the entire record concludes that Appellant has not demonstrated that his attorney's actions, judged by the totality of the representation, denied him a fair trial. Appellant's second issue is overruled.

**Conclusion**

Having overruled Appellant's two issues, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.