WR-83,764-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/28/2015 4:59:04 AM
Accepted 10/28/2015 8:07:04 AM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
10/28/2015
ABEL ACOSTA, CLERK

## AND THE 359th DISTRICT COURT OF MONTGOMERY COUNTY, TEXAS

Nos.  WR-83,764-01
WR-83,764-02

**EX PARTE**
**KELVIN GRANT ALEXANDER,**          **Ancillary Case No. 07-02-01683-CR**
*Applicant*                                                **Ancillary Case No. 07-08-08026-CR**

---

### MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS PURSUANT TO TEX. CRIM. PROC. CODE ANN. ART. 11.07

---

**R. Scott Shearer**
TBA No. 00786464
917 Franklin, Suite 320
Houston, TX 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Habeas Counsel for Applicant**

October 28, 2015

1

THIS APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IS FILED PURSUANT TO TEX. CRIM. PROC. CODE ANN. ART. 11.07 IN THE 363rd JUDICIAL DISTRICT COURT OF MONTGOMERY COUNTY, TEXAS.

Applicant, KELVIN GRANT ALEXANDER, pursuant to TEX. CRIM. PROC. CODE ANN. art. 11.07, moves this Court to issue a Writ of Habeas Corpus for his release from confinement on the grounds that he is being denied his liberty under illegal and unconstitutional cumulative sentences of twenty-seven [27] and five [5] years imprisonment by Barry Martin, senior warden at the William P. Clements Unit, located at 9601 Spur 591, Amarillo, TX 79107-9606. Applicant claims that his Due Process rights under the United States Constitution, Due Course of Law rights under the Texas Constitution and Sixth Amendment rights under the United States Constitution were abridged as a result of the ineffective assistance rendered by both trial and appellate counsel. Additionally, Applicant claims that his Due Process rights and Due Course of Law rights have been abridged by the trial court's imposition of a void and unlawful sentencing cumulation order which was unsupported by the evidence. Said order directly contradicts the mandate of TEXAS PENAL CODE §3.03(a).

But for these constitutional and statutory errors, Applicant would not have been assessed cumulative sentences of twenty-seven [27] and five [5] years, respectively.

2

I.   HISTORY OF PRIOR PROCEEDINGS

The 359th Criminal District Court of Montgomery County, Texas, entered the judgments under attack. The Appellant was charged by indictment in cause numbers 07-02-01683-CR & 07-08-08026-CR with the felony offenses of aggravated robbery and possession of a controlled substance. (CR I at 3). Both charges were alleged to have occurred on January 15, 2007. (CR I at 3). Appellant pleaded not guilty and a jury trial ensued. (RR III at 4). The Appellant was found guilty and the jury assessed punishment at twenty-seven [27] years on the aggravated robbery charge and five [5] years on the possession case. (RR XI at 66). The Appellant did not file a motion for new trial. The Appellant gave timely notice of appeal. (CR I at 42, 48).

In an UNPUBLISHED opinion delivered December 9, 2009, a panel of the Ninth Court of Appeals AFFIRMED Appellant's convictions on direct appeal. Appellant did not file a motion for rehearing. Appellant filed a Petition for Discretionary Review on March 1, 2010. Appellant's Petition for Discretionary Review was denied by the Court of Criminal Appeals on August 25, 2010.

On May 8, 2015, Applicant filed a writ of habeas corpus in the trial court. In a written order, the trial court recommended that relief be denied. On October 7, 2015, this Court ordered additional findings of fact and conclusions of law as to

whether trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant.

## II.    STATEMENT OF FACTS

Applicant and his juvenile accomplice were alleged to have engaged in a crime spree that began in the early morning hours of January 15, 2007. (CR I at 15-17)(RR XI at 59). The alleged crime spree started with Applicant and his juvenile accomplice (RR IV at 57) attempting to carjack a man at an apartment complex on Antoine Street in Houston, Texas. (RR X at 84-86). This man was able to escape the attempted carjacking. Another resident of the apartment, however, was not so fortunate. Applicant and his accomplice allegedly robbed her at gunpoint and took her vehicle in the early morning hours of January 15, 2007 – the same day as the instant offense. (RR X at 58-59). The pair then drove the stolen vehicle toward Huntsville, Texas, stopping at a Walmart in Conroe, Texas where they robbed a patron of a Walmart store. (RR XI at 57). Applicant confessed to being the driver in the robbery, but alleged that his juvenile co-defendant was the one who actually pointed the gun at the vehicle's owner. (RR VII at 28-30). Upon leaving the Walmart, the pair allegedly robbed the house of a drug dealer in Huntsville, Texas. (RR X at 103)(RR XI at 55). The prosecutor alleged that the pair used the money

4

they received from the Huntsville robbery to buy crack cocaine. (RR XI at 60). Applicant and his accomplice were arrested on the way back from Huntsville to Houston by diligent law enforcement officers who were looking for a vehicle matching the description of the one used at the Walmart robbery. (RR VII at 29)(RR X at 60). Applicant was the passenger in the vehicle when it was stopped. (RR IV at 144). The juvenile fled on foot and was apprehended after a chase. (RR IV at 145). Upon being booked into the jail, Applicant was searched and found to be in possession of a quantity of crack cocaine. (CR I at 18)(RR IV at 26, 177).

Applicant was tried before the same jury upon two separate indictments alleging aggravated robbery and the possession offense. The Appellant was found guilty and the jury assessed punishment at twenty-seven [27] years on the aggravated robbery charge and five [5] years on the possession case. (RR XI at 66). Upon motion of the State (CR at 34), the trial court ordered Applicant's sentences to run consecutively. (CR at 36).


III. Argument and authorities


This Court has both original and appellate jurisdiction in habeas corpus cases. See TEX. CONST. Article 5, §5; TEX. CRIM. PROC. CODE ANN. Art 11.01-11.07. This Court's subject matter jurisdiction is defined in Article 11.07, §3(a), which states,

5

"After final conviction in any felony case, the writ must be returnable to the Court of Criminal Appeals of Texas at Austin, Texas." The authority of the Court of Criminal Appeals to issue writs of habeas corpus is virtually unlimited, extending to both civil and criminal cases. See *Ex parte Cvengros*, 384 S.W.2d 881 (Tex. Cr. App. 1964).

### A.    Standard of review.

To prevail on a writ of habeas corpus, the proponent must prove his allegations by a preponderance of the evidence that an error contributed to his conviction or punishment. *See Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Cr. App. 1995), *cert. denied*, 518 U.S. 1021 (1996); *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Cr. App. 2001).

In a post-conviction review of a writ of habeas corpus, this Court is the ultimate factfinder. The Court is not bound by the findings and conclusions of the convicting court, but it generally defers to such if they are supported by the record. See, e.g., *Ex parte Chabot,* 300 S.W.3d 768, 772 (Tex. Cr. App. 2009); *Ex parte Thompson,* 153 S.W.3d 416, 417-18 (Tex. Cr. App. 2005). When this Court's independent review of the record reveals that the trial judge's findings and conclusions are not supported by the record, however, the Court may exercise its

authority to make contrary or alternative findings and conclusions. *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Cr. App. 2008). Should a given finding or conclusion be immaterial to the issue or irrelevant to the disposition, an appellate court may decline to consider said finding or conclusion and, instead, consider only those findings and conclusions that are supported by the record and are germane to the resolution of the habeas appeal. See generally *Ex parte Reed*, 271 S.W.3d 698, 728-29 (Tex. Cr. App. 2008) (concluding that the few instances in which the findings were inconsistent or misleading did not justify a decision to totally disregard the findings that were supported by the record and were germane to the resolution of defendant's claims). Additionally, great deference to the trial court's determinations must be given even when all of the evidence is submitted by affidavits. *See Ex parte Wheeler*, 203 S.W.3d 317, 325-26 (Tex. Cr. App. 2006); *Manzi v. State*, 88 S.W.3d 240, 244 (Tex. Cr. App. 2002).

B.     Legal Grounds.


**GROUND ONE:   THE TRIAL COURT IMPOSED A VOID AND UNLAWFUL SENTENCING CUMULATION ORDER IN VIOLATION OF APPLICANT'S RIGHT TO DUE PROCESS OF LAW AND IN CONTRAVENTION OF TEXAS PENAL CODE SECTION 3.03(a).     APPLICANT WAS TRIED UPON TWO SEPARATE INDICTMENTS IN A SINGLE TRIAL FOR OFFENSES ALLEGEDLY ARISING OUT OF THE SAME CRIMINAL EPISODE.**


   a.     TEXAS CRIMINAL PROCEDURE CODE 42.08 generally allows a trial court to cumulate sentences.


At the time of the commission of the underlying offense, the trial court, in general, had the discretion to order sentences to run concurrently or consecutively. See TEX. CRIM. PROC. CODE ANN. art. 42.08(a).  The State filed a motion to cumulate sentences.  (CR at 34).  The State's motion cited the trial court to TEX. CRIM. PROC. CODE ANN. art. 42.08(a).  The trial court granted the State's motion by written order. (CR at 36).


   b.     TEXAS PENAL CODE Section 3.03(a) acts as a limitation upon the general authority to cumulate sentences found in §42.08.


Unfortunately, the State failed to apprise the trial court that the general authority to cumulate sentences found in Section 42.08(a) is restricted in certain instances.  The general discretion found in Section 42.08 is statutorily limited by Section 3.03 of the TEXAS PENAL CODE, which requires the trial court to order

8

sentences to run concurrently when the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action. See TEX. PENAL CODE §3.03. Section 3.03(a) is a statutory limitation on article 42.08. *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Cr. App. 1992). Section 3.03(a) provides as follows:

**§ 3.03. Sentences For Offenses Arising Out Of Same Criminal Episode**

(a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

TEX. PENAL CODE §3.03.

At the time of the alleged offenses, the definition of a criminal episode was as follows:

The commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) The offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) The offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE §3.01.

9

A single criminal action refers to a single trial or plea proceeding. *Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Cr. App. 1995). Accordingly, a defendant is prosecuted in a single criminal action, "when allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial[.]" *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Cr. App. 1992).

       c.     Applicant was alleged to have committed these offenses on the same day, during a single criminal episode.

It is clear from the record that both offenses were part of the same criminal episode and were tried in a single criminal action. This was the State's theory of the case. The prosecutor informed the trial court of her theory at a pre-trial hearing (RR II at 5) and argued this theory to the jury at closing argument on punishment. (RR XI at 59-60). Moreover, the illegal possession was discovered upon the Applicant's booking for the Walmart aggravated robbery, which occurred on the same day.

Accordingly, under Section 3.03(a) of the TEXAS PENAL CODE, the sentence in the aggravated robbery should have been ordered to be served concurrent to the possession sentence. Therefore, the order cumulating Applicant's sentence in this case is improper and void.

d. The cumulation order is void, and the defect may be raised at any time.

This Court has long held that a defect that renders a sentence void may be raised at any time. See *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Cr. App. 2006) (citing *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Cr. App. 1996)); *Ex parte McKay*, 82 Tex. Crim. 221, 199 S.W. 637, 639 (1917) (habeas corpus relief is available against a void order of a court). An improper cumulation order is a defect that renders a sentence void. See *LaPorte*, 840 S.W.2d at 415; see also *Nicholas v. State*, 56 S.W.3d 760, 764 (Tex. App. - Houston [14th Dist.] 2001, pet. ref'd) ("An improper cumulation order is, in essence, a void sentence, and such error cannot be waived."). Furthermore, this Court has held that [a] claim of an illegal sentence is cognizable in a writ of habeas corpus. *Parrott*, 396 S.W.3d at 534 (citing *Rich*, 194 S.W.3d at 511).

In *Ex parte Townsend*, however, this Court held that an improper cumulation order may not be challenged for the first time on a writ of habeas corpus. *Ex parte Townsend*, 137 S.W.3d 79, 80 (Tex. Cr. App. 2004). In so holding, this Court reasoned that Townsend forfeited his claim by failing to raise the issue on direct appeal. *Id*. at 81. While Townsend filed a direct appeal, he failed to raise the claim regarding his cumulation order. *Townsend v. State*, No. 13-92-0097-CR (Tex. App.-Corpus Christi July 29, 1993, pet. ref'd) (not designated for publication); see also

11

*Townsend v. Dretke*, C.A. No. C-05-304, 2003 U.S. Dist. LEXIS 31634 (S.D. Tex., Apr. 20, 2006) (setting out procedural history). This Court, however, did not make any determination as to whether an improper cumulation order constituted an illegal or void sentence, and did not discuss or overrule its decision in *LaPorte*. See generally *Townsend*, 137 S.W.3d at 79–83.

In the present case, unlike the movant in *Townsend*, Applicant has raised a claim concerning the improper cumulation order in the context that it has made his sentence illegal and void. This Court has long held, and has continued to hold since its decision in *Townsend*, that a defect that renders a sentence void may be raised at any time. See *Parrott*, 396 S.W.3d at 534; *Rich*, 194 S.W.3d at 513 ("The case law makes it clear that [a]pplicant can seek relief by direct appeal *or* writ of habeas corpus because a defect which renders a sentence void may be raised at any time."). Additionally, this Court has considered the merits of other claims concerning an improper cumulation order, which have been raised in the context that there was no evidence to support the cumulation order, *Ex parte Knight*, 401 S.W.3d 60, 63–65 (Tex. Cr. App. 2013), and in the context of ineffective assistance of counsel. See also *Ex parte Barron*, No. WR-75,972-02, 2014 Tex. Cr. App. Unpub. LEXIS 583 (Tex. Cr. App. June 18, 2014) (not designated for publication) (granting relief where applicant raised improper cumulation order in the context of ineffective assistance of counsel-finding counsel ineffective for failing to object to the order); *Ex parte*

12

*Bailey*, Nos. AP-76,699, AP-76,700, AP-76,701, AP-76,702, 2011 Tex. Cr. App. Unpub. LEXIS 886 (Tex. Cr. App., Nov. 23, 2011) (not designated for publication) (considering and granting applicant's claim of an improper cumulation order).

> e.  The proper remedy is to reform the judgment to delete the void cumulation order.

This Court should grant Applicant the relief that he seeks. The proper remedy for a void cumulation order is to reform the judgment to delete the offending order. *See Morris v. State*, 301 S.W.3d 281, 295 (Tex. Cr. App. 2009) (The appropriate remedy for an improper cumulation order is the deletion of the cumulation order.); *Reedy v. State*, 194 S.W.3d 595, 603 (Tex. App. - Houston [1st Dist.] 2006, no pet.) (same).

**GROUND TWO: THERE WAS NO EVIDENCE TO SUPPORT THE CUMULATION ORDER.**

A. Standard of review.

This Court has limited review of evidence claims in habeas proceedings. See *Ex parte Perales*, 215 S.W.3d 418, 419 (Tex. Cr. App. 2007). A claim of insufficient evidence is not cognizable on a post-conviction writ of habeas corpus, but a claim of no evidence is. *Ex parte Perales*, 215 S.W.3d 418, 419 (Tex. Cr. App. 2007) (holding that, notwithstanding applicant's waiver of appellate rights, no-evidence claim was "cognizable" on habeas). This Court's jurisdiction is limited to review for any evidence rather than for sufficient evidence. The Court must deny the application if there is any evidence to support application of the cumulation provision. See *Id*.

B. There was no evidence to support the cumulation order.

In the recent decision of *Ex parte Knight*, another habeas case, the Court of Criminal Appeals decided the case on the merits, finding some evidence to support the trial court's cumulation order. See *Ex parte Knight*, 401 S.W.3d 60, 64–65 (Tex. Cr. App. 2013). In the case at bar, there is no evidence to suggest that the two offenses were not committed on the same day as part of the same criminal episode.

14

On the contrary, it was the State's position that they were. The prosecutor argued that the Applicant and his accomplice started a "crime spree" on January 15, 2007. (RR XI at 59). Their crime spree ended the same day it began, which resulted in the Applicant being booked into jail and found to be in possession of crack cocaine. Indeed, the prosecutor argued that the purpose of the aggravated robbery was to obtain money to buy the crack cocaine. (RR XI at 60).[1] Consequently, these two offenses were part of the same criminal episode. There is simply no evidence to even suggest otherwise. Both offenses were tried in the same single criminal action, and there was no evidence to support the trial court's cumulation order. The order should be vacated.

---

[1] Another possibility is that the Applicant obtained the crack cocaine when he robbed the dope dealer's house in Huntsville.

**GROUND THREE: APPLICANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

Trial counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Trial counsel's performance was deficient and a reasonable probability exists that the result of the proceeding would have been different but for the deficiency. Moreover, there is no basis for concluding that counsel's conduct was strategic. Trial counsel's ineffectiveness is firmly founded in the record and the record affirmatively demonstrates the alleged ineffectiveness.

A. Standard of review.

A successful claim that one's trial counsel provided ineffective assistance requires a demonstration by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); *Ex parte Santana*, 227 S.W.3d 700, 704-05 (Tex. Cr. App. 2007);

16

*Bone v. State*, 77 S.W.3d 828, 833 (Tex. Cr. App. 2002); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Cr. App. 1986); see also *Hurley v. State*, 606 S.W.2d 887 (Tex. Cr. App. 1980); *Reese v. State*, 905 S.W.2d 631, 635 (Tex. App. - Texarkana 1995, pet. ref'd), citing *Ex parte Gallegos*, 511 S.W.2d 510 (Tex. Cr. App. 1974) (effectiveness of counsel, whether retained or appointed, is judged by a single standard). A reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Cr. App. 1999). Both *Strickland* prongs must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that trial counsel's performance was deficient and that a reasonable probability exists that the result of the proceeding would have been different but for the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). The first prong of the *Strickland* test requires that the defendant show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Cr. App. 1999). Thus, the defendant must prove objectively, by a preponderance of the evidence, that trial counsel's representation fell below professional standards. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Cr. App. 2002). The second prong requires that the defendant show a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Thompson*, 9 S.W.3d at 812. Under the first prong, however, a reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Any allegation of ineffectiveness must be firmly founded in the record, and the record must demonstrate affirmatively the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813.

The defendant must overcome the presumption that the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 100-101 (1955)). If there is any basis for concluding that counsel's conduct was strategic, then further inquiry is improper. *Bell v. State*, 867 S.W.2d 958, 961 (Tex. App. - Waco 1994, no pet.). The accused bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Cannon v. State*, 668 SW.2d 401, 403 (Tex. Cr. App. 1984). The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Cr. App. 1983).

A reviewing court's assessment of trial counsel's performance must be highly deferential; the court should indulge a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104

18

S.Ct. 2052; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Cr. App. 2000). The reviewing court must also be careful not to second-guess through hindsight the strategy of counsel at trial; the mere fact that another attorney might have pursued a different course will not support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Cr. App. 1979); *Ex parte Simpson*, 260 S.W.3d 172, 175-76 (Tex. App. – Texarkana 2008, pet. ref'd).

The adequacy of counsel's assistance must be gauged by the totality of the representation. *Pena*, 132 S.W.3d at 669 (citing *Gomez v. State*, 921 S.W.2d 329, 333 (Tex. App. - Corpus Christi 1996, no pet.)). There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 669; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Cr. App. 1999). The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Cr. App. 1983). In the present case, the Applicant has the burden to show that his counsel's performance fell below a reasonable standard of competence and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Cr. App. 1999); *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Cr. App. 1997).

In assessing counsel's competence under the first prong of *Moody*, a reviewing court presumes that counsel has knowledge of legal principles that are neither novel nor unsettled. See *Arreola*, 207 S.W.3d at 392 (citing *Ex parte Welch*, 981 S.W.2d 183, 185 (Tex. Cr. App. 1998)). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Cr. App. 2005). Appellant must prove by a preponderance of the evidence that trial counsel's representation fell below professional standards. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Cr. App. 2002). Counsel is accountable for the knowledge, or the ability to obtain the knowledge, of relevant legal matters that are neither novel nor unsettled. *Ex Parte Welch*, 981 S.W.2d at 185.

B.    Trial counsel's errors.

In the case at bar, Attorney Eduardo Cortes wholly failed to: (1) educate himself to the law; and (2) object to the obviously erroneous cumulation order. The principles of law involved in this case were neither novel nor unsettled. A cursory examination of the indictments and the cumulation order by an attorney knowledgeable in criminal law and procedure would have revealed the obvious flaw in the cumulation order. Counsel's failure to confront the deficiencies in the

20

cumulation order were not the result of trial strategy. There is simply no excuse for attorney Cortes' failure to object to the defect. Had trial counsel objected to the cumulation order, Applicant would not be serving a combined sentence of thirty-two [32] years. There can be no reasonable strategy in failing to object to the obviously defective cumulation order. Applicant was denied the effective assistance of trial counsel.

Attorney Cortes was charged with having knowledge of; or at least educating himself to the defense to sentencing cumulation set out in PENAL CODE section 3.03(a). This Court has found that the failure to object to an improper cumulation order constitutes ineffective assistance of counsel. See *Ex parte Barron*, No. WR-75,972-02, 2014 Tex. Cr. App. Unpub. LEXIS 583 (Tex. Cr. App. June 18, 2014) (not designated for publication) (granting relief where applicant raised improper cumulation order in the context of ineffective assistance of counsel-finding counsel ineffective for failing to object to the order);

In conclusion, trial counsel's ineffectiveness is firmly founded in the record. Attorney Eduardo Cortes' failure to object and to invoke an utter defense to the cumulation order constituted ineffective assistance. Attorney Cortes' failure to object requires Applicant to undergo five [5] more years in prison than he would have been required to serve had his attorney been competent.

21

**GROUND FOUR: APPLICANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

The Fourteenth Amendment to the United States Constitution guarantees, to a criminal defendant pursuing a first appeal as of right, certain minimum safeguards necessary to make the appeal "adequate and effective." *Evitts v. Lucey*, 469 U.S. 387, 392 (1984) (quoting *Griffin v. Illinois*, 351 U.S. 12, 20 (1956)). These safeguards include the right to counsel, *id.* (citing *Douglas v. California*, 372 U.S. 353 (1963)), which comprehends the right to effective assistance of counsel. *Id.* at 396. This Court must apply the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984), in judging claims of ineffective assistance of appellate counsel. *Evitts*, 469 U.S. at 392; *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Appellate counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Applicant's appellate counsel was objectively unreasonable in failing to raise arguable and meritorious issues on appeal.

Applicant's appellate counsel, Kevin Scott "Gator" Dunn, failed to raise on appeal the issue of trial counsel's failure to object to the unlawful cumulation order. (RR XI at 67). This Court has counseled appellants that it is normally not

22

appropriate to raise an ineffective assistance claim on direct appeal. See *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Cr. App. 2002); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Cr. App. 1994) (Baird, J., concurring); *Stults v. State*, 23 S.W.3d 198, 208-09 (Tex. App. - Houston [14th Dist.] 2000, pet. ref'd). Applicant's appellate attorney obviously ignored this advice, as his one and only ground of error in his brief argued that trial counsel was ineffective for (1) making a punishment type argument at the guilt stage; and (2) failing to file a motion for probation, which trial counsel did in fact file. See Opinion at 4. ("[We] find the issue of the failure to file a timely motion for community supervision to be completely unsupported by the record.").

Having unwisely chosen to proceed upon an ineffective assistance claim on direct appeal, it boggles the mind that appellate counsel would raise such arguably weak points and ignore a meritorious point concerning the cumulation order. Trial counsel's failure to object to the unlawful cumulation order is one of the few arguments that would support an ineffective assistance claim on direct appeal.[2] Appellate counsel's performance fell below an objective standard of reasonableness as a matter of law, and no reasonable appellate strategy could justify appellate counsel's failure to raise the claim, regardless of his subjective reasoning.

---

[2] Appellate counsel's failure to raise this point on direct appeal does not preclude Applicant from raising the issue in a subsequent writ. See *Nailor v. State*, 149 S.W.3d 125 (Tex. Cr. App. 2004).

23

Appellate counsel's deficiencies prejudiced Applicant's defense. There was a reasonable probability that, but for appellate counsel's failure, Applicant would have prevailed on his appeal. The ignored issues are clearly stronger than those presented by Applicant's counsel in his brief. Had Applicant been afforded competent and effective assistance of appellate counsel, the cumulation order would have surely been overturned.

IV.     Request for an evidentiary hearing.

Article 11.07(d) expressly provides that a trial court may hold a hearing on a habeas corpus application. See TEX. CODE CRIM. PROC. ANN. art. 11.07(d); *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App. - Fort Worth 2005, no pet.). In making its determination, Article 11.07 permits the trial court to order affidavits, depositions, interrogatories, or a hearing, but it does not require that the trial court do so. See *Id*; see also *Ex parte Cummins*, 169 S.W.3d 752, 757-58 (Tex. App. - Fort Worth 2005, no pet.) (trial court not required to hold hearing where 11.072 writ application alleged ineffective assistance of counsel). The trial court may also consider evidence filed with the application or with the State's response. See art. 11.07(d).

## PRAYER FOR RELIEF

WHEREFORE, Applicant prays that the Court of Criminal Appeals will:

A.  Order the trial court to schedule and conduct an evidentiary hearing at the earliest practicable time to determine the facts and allow Applicant to present evidence and argument on his behalf through counsel of record;

B.  Allow a reasonable time after such evidentiary hearing for the Applicant to brief the issues raised in this application and developed at an evidentiary hearing;

C.  Grant Applicant relief upon his application such that Applicant's sentence will be VACATED and his sentence REFORMED to delete the cumulation order.

D.  Send copies of the Court's opinion to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

E.  Publish the Court's opinion as a reference for the bench and bar.

F.  Grant him such other relief as he may be entitled to.

Respectfully submitted,

/s/ R. SCOTT SHEARER
**R. Scott Shearer**
TBA No. 00786464
917 Franklin, Suite 320
Houston, TX 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Habeas Counsel for Applicant**

October 28, 2015

25

# CERTIFICATE OF COMPLIANCE WITH RULE 73

Certificate of Compliance with Type-Volume Limitations
and Typeface Requirements.

1.      This memorandum complies with the type-volume limitation of TEX. R. APP. PROC. 73.1(d) because:

This memorandum contains **5,094** words.

2.      This memorandum complies with the typeface requirements of TEX. R. APP. PROC. 73.1(e) because:

this memorandum has been prepared in a conventional proportionally spaced typeface using Microsoft WORD 97 version 7.0 in Times New Roman 14 point type.

/s/ R. SCOTT SHEARER
**R. Scott Shearer**

## CERTIFICATE OF SERVICE

I certify that a copy of this Writ of Habeas Corpus Memorandum has been served upon the State of Texas by e-mailing a copy of same to the following addresses on this the 28th day of October, 2015:

BRENT CHAPELL
MONTGOMERY CO. DISTRICT ATTORNEY'S OFFICE
APPELLATE DIVISION
207 W. PHILLIPS, 2ND FLOOR
CONROE, TX 77301-2824

MS. LISA C. MCMINN, S.P.A.
P.O. BOX 13046
CAPITOL STATION
AUSTIN, TX 78711

/s/ R. SCOTT SHEARER
**R. Scott Shearer**