

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00154-CR

**CHARLES CLARK,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 21st District Court**
**Burleson County, Texas**
**Trial Court No. 15305**

## MEMORANDUM OPINION

Charles Clark appeals from a conviction for delivery of a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.134(d) (West 2010). Clark complains that the trial court abused its discretion by admitting evidence of extraneous offenses and that he received ineffective assistance of counsel. Because we find no reversible error, we affirm the judgment of the trial court.

**EXTRANEOUS OFFENSES**

In his first issue, Clark complains that the trial court erred by overruling his objection to the admission of evidence of extraneous offenses pursuant to Rules 402 and 404(b) of the Rules of Evidence and because its probative value is substantially outweighed by the danger of unfair prejudice pursuant to Rule 403 of the Rules of Evidence.

Clark complains of two separate extraneous offenses. The first was during the confidential informant's testimony when she was asked how she had met Clark. The informant answered that she had met Clark through her ex-boyfriend. The informant was asked what their connection was, and the informant answered that her ex-boyfriend "used to buy methamphetamine." Clark objected, stating: "Your Honor, that brings up— that that brings up an extraneous offense. Another delivery offense that has nothing to do with this case. It's completely irrelevant to this case. It's entirely prejudicial and unfairly prejudicial." The trial court overruled his objection. The second extraneous offense testimony about which Clark complains took place immediately after his objection. The State asked the informant if she had been present with her boyfriend, and the informant testified that she had gone with her ex-boyfriend and had been present during those interactions between her ex-boyfriend and Clark. She also testified that she had regularly bought methamphetamine from Clark for an extended period of time, sometimes on a daily basis. Clark did not object to this testimony.

To the degree that Clark's complaints in this issue include the testimony by the confidential informant after the objection, because he did not object to the testimony and no running objection had been requested from his previous objection, those complaints were not preserved and were waived. *See* TEX. R. APP. P. 33.1(i). This leaves only the answer that her ex-boyfriend had purchased methamphetamine from Clark.

Even if we were to assume without deciding that the statement that the informant's ex-boyfriend "used to buy methamphetamine" was erroneously admitted, and that the objection was not waived by Clark's failure to object to the informant's further answers that she was present for the interactions between Clark and her ex-boyfriend, we do not believe that Clark was harmed by the admission of the testimony. The erroneous admission of evidence of this character is nonconstitutional error governed by Rule 44.2(b) of the Rules of Appellate Procedure. *See Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). Under rule of appellate procedure 44.2(b), we disregard the error if it did not affect the appellant's substantial rights. *Id.* A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon*, 49 S.W.3d at 365. In making this determination, we review the record as a whole, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the

verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We may also consider the jury instructions, the State's theory and any defensive theories, whether the State emphasized the error, closing arguments, and even voir dire, if applicable. *Id*. at 355-56.

The confidential informant testified that she approached law enforcement because she had gotten clean and wanted to stop Clark from being able to continue selling to her and others like her. The informant participated in several controlled buys with Clark, one of which forms the basis of this conviction. There was a video, albeit of poor quality, from the informant's vehicle showing the transaction. The informant testified to a long-standing course of drug purchases between herself and Clark. Our further review of the rest of the record, including the jury charges and the arguments by the State, supports the conclusion that the admission of the testimony, to whatever degree it may have been erroneous, was harmless. We overrule issue one.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Clark complains that he received ineffective assistance of counsel because his trial counsel did not object to the State's motion to amend the indictment that was presented on the first day of trial. The State sought to amend the indictment to include the provision that the offense had occurred in a drug free zone. The motion to amend the indictment had been filed seven days before trial but was not heard

by the trial court until immediately prior to voir dire. Clark objected to the late amendment. After discussion between the trial court, counsel for the State and Clark, and upon Clark's written and oral consent, an agreement was reached to allow the amendment with limitations.

In order to prevail on a claim of ineffective assistance of counsel, Clark must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, Clark must show that counsel was so deficient as to deprive him of his Sixth Amendment right to counsel. *Strickland*, 466 U.S. at 687. Second, Clark must show that his counsel's representation was objectively unreasonable. *Id.*; *see Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). To satisfy the second prong, Clark must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thompson*, 9 S.W.3d at 812. A reasonable probability exists if it is enough to undermine the adversarial process and thus the outcome of the trial. *See Strickland*, 466 U.S. at 694, *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). As the reviewing court, we look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson*, 9 S.W.3d at 813. Our review is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Mallett*, 65 S.W.3d at 63; *Thompson*, 9 S.W.3d at 813.

The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). "Isolated instances in the record reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one portion of the trial counsel's performance for examination." *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Clark bears the burden of proving by a preponderance of the evidence that counsel was ineffective, and an allegation of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813.

Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Specifically, when the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Therefore, absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective-assistance claim. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To warrant reversal without affording counsel an opportunity to explain his actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (*quoting Goodspeed v. State*, 187

S.W.3d 390, 392 (Tex. Crim. App. 2005)).  Here, the record is largely silent as to trial counsel's strategy; therefore, we will examine the record to determine if trial counsel's conduct was "'so outrageous that no competent attorney would have engaged in it.'"  *Id*. (*quoting Goodspeed*, 187 S.W.3d at 392).

Clark did not file a motion for new trial or otherwise offer his trial counsel an opportunity to explain his actions.  There was a discussion between the trial court, the State, and counsel for Clark regarding the motion to amend the indictment, during which the State agreed to not raise the issue of the drug-free zone until the punishment phase of the trial.  During that discussion, it also appeared that counsel for Clark considered the potential for a continuance as the remedy for the late request.  We also do not find that his trial counsel's conduct, without further explanation as to his reasoning as it relates to this isolated incident, was "so outrageous that no competent attorney would have engaged in it."  *See Roberts*, 220 S.W.3d at 533.  Because we find that Clark's ineffective assistance complaint is not "firmly founded in the record," we overrule Clark's second issue.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins[1]
Affirmed
Opinion delivered and filed February 27, 2019
Do not publish
[CRPM]



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).