

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00263-CR

**CYNTHIA BETTY HODGES,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 440th District Court
### Coryell County, Texas
### Trial Court No. 15-22915

## MEMORANDUM OPINION

In three issues, appellant, Cynthia Betty Hodges, challenges her conviction for

driving while intoxicated-3rd or more. *See* TEX. HEALTH & SAFETY CODE ANN. § 49.09(b)

(West Supp. 2018).[1]  Specifically, Hodges contends that:  (1) the trial court erred by

---

[1] The judgment in this case reflects that Hodges was convicted under section 49.09(b) of the Health and Safety Code—a provision that does not exist; however, based on our review of the record, the judgment should reflect that Hodges was convicted under section 49.09(b) of the Penal Code—the provision for enhanced offenses and penalties, including DWI-3rd or more.  *See* TEX. PENAL CODE ANN. §§ 49.09(b) (West Supp. 2018); *see also* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (concluding that an appellate court has authority to reform a judgment to include an affirmative finding to

allowing an adult probation officer to testify concerning answers given during a pre-sentencing investigation report ("PSIR") interview; and (2) trial counsel was ineffective for failing to object to testimony concerning answers given during the PSIR interview and for failing to object to custodial questions and answers that purportedly violated article 38.22 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2018). Because we overrule all of Hodges's issues on appeal, we affirm as modified.[2]

## I. ADMISSION OF THE ADULT PROBATION OFFICER'S TESTIMONY

In her first issue, Hodges argues that the trial court abused its discretion by allowing Coryell County Adult Probation Officer Sarah Roberts to testify during the guilt-innocence phase of trial about answers given by Hodges during a PSIR interview. Hodges contends that the admission of this testimony violated article 42A.254 of the Code of Criminal Procedure. *See id.* art. 42A.254 (West 2018).

### A. Facts

During her testimony, Roberts stated that she interviewed Hodges and that Hodges provided a current list of medications she was taking, which included "Carisoprodol also known as Soma, Ziprasidone also known as Geodon, Estradiol, Butalbital, Ranitidine, Trazodone, Atorvastatin, Promethazine, Lyrica, Prednisone,

---

make the record speak the truth when the matter has been called to its attention by any source). We modify the judgment to reflect as such.

[2] As this is a memorandum opinion and the parties are familiar with the facts, we only recite those facts necessary to the disposition of the case. *See* TEX. R. APP. P. 47.1, 47.4.

Sertaline also known as Zoloft, Alpazolam also known as Xanax, Temazepam also known as Restoril, and Spiriva." Hodges also told Roberts that she occasionally drinks alcoholic beverages and that she smoked marijuana daily. Roberts also testified that Hodges provided the following information:

> During the course of the interview, which took place on January 19th of this year, she—in questioning her about her substance use, we discussed the previous statements, the previous substances. She had indicated that over the course of her entire life there was a history of abuse or misuse of various substances at various times from as early age as 10. She reported a history of abuse of alcohol, marijuana, crack/cocaine, methamphetamines, and prescription medications namely Xanax, pain, and sleeping drugs.
>
> Her most recent use of marijuana in December of 2017. Methamphetamine use, she reported an IV drug user in 2017, approximately eight months prior to the interview date. Prescription medications taken on a daily basis. She indicated that she does not follow the prescribed instruction for her prescription medications most days taking more or less than as prescribed on a regular basis.
>
> She reported an intentional overdose in 2017 due to a discrepancy with her mother. And she acknowledged a history of alcohol abuse but denied use since her arrest in 2015. . . .

At this point, defense counsel objected to the foregoing answer from Roberts as non-responsive, and the trial court sustained defense counsel's objection.

Later, Roberts recounted that Hodges admitted to being an addict and to drinking vodka and taking prescription medications prior to the wreck that was the basis for her arrest in this matter. According to Roberts, Hodges denied being an alcoholic and being impaired on the day in question.

**B.     Discussion**

To preserve a complaint for appellate review, the appellant must make her complaint to the trial court by a "timely request, objection, or motion that state[s] the grounds for the ruling that the complaining party [seeks] from the trial court with sufficient specificity to make the trial court aware of the complaint . . . ."  TEX. R. APP. P. 33.1(a)(1)(A); *see Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("To avoid forfeiting a complaint on appeal, the party must let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.  This gives the trial judge and the opposing party an opportunity to correct the error." (internal citations & quotations omitted)).

On appeal, Hodges admits and the record demonstrates that defense counsel did not object to Roberts's testimony involving the PSIR interview under article 42A.254 of the Code of Criminal Procedure.  And even though defense counsel objected to a portion of Roberts' testimony as being non-responsive, we note this objection does not comport with the argument made on appeal.  *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (stating that a defendant's appellate contention must comport with the specific objection made at trial); *see also Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (noting that an objection grounded on one legal basis may not be used to support a different legal theory on appeal).  Accordingly, we cannot say that Hodges

preserved this issue for appellate review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also Pena*, 285 S.W.3d at 464. We overrule her first issue.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In her second and third issues, Hodges asserts that her trial counsel was ineffective because he failed to object to testimony concerning answers given during the PSIR interview, and because he failed to object to custodial questions and answers purportedly in violation of article 38.22 of the Code of Criminal Procedure. We disagree.

### A. Applicable Law

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-prong test. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 674 (1984); *see also Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must show that counsel was so deficient as to deprive appellant of his Sixth Amendment right to counsel. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Second, appellant must show that the deficient representation was prejudicial and resulted in an unfair trial. *Id.* To satisfy the first prong, appellant must show that his counsel's representation was objectively unreasonable. *Id.*; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). To satisfy the second prong, appellant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thompson*, 9 S.W.3d at 812. A reasonable probability exists if it is enough to undermine the adversarial process and thus the

outcome of the trial. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). The appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson*, 9 S.W.3d at 813. Our review is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Mallett*, 65 S.W.3d at 63; *Thompson*, 9 S.W.3d at 813.

The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). "Isolated instances in the record reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one portion of the trial counsel's performance for examination." *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective, and an allegation of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813.

Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Specifically, when the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.]

1996, no pet.). Therefore, absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To warrant reversal without affording counsel an opportunity to explain his actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

**B.      Discussion**

At the outset of our analysis of Hodges's second and third issues, we note that the record is silent as to trial counsel's strategy; as such, we examine the challenged conduct to determine if it is "'so outrageous that no competent attorney would have engaged in it.'" *Roberts*, 220 S.W.3d at 533 (quoting *Goodspeed*, 187 S.W.3d at 392).

In her second issue, Hodges complains about trial counsel's failure to object to Roberts's testimony regarding the PSIR interview under article 42A.254 of the Code of Criminal Procedure. "To successfully assert that trial counsel's failure to object amounted to ineffective assistance, the applicant must show that the trial judge would have committed error in overruling such an objection." *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011) (citing *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004); *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996)).

Prior to Roberts's testimony regarding the PSIR interview, former Texas Department of Public Safety Trooper Gary Stiles testified that he responded to a single-car wreck involving Hodges on the afternoon in question and that Hodges told him that she had two or three shots of vodka prior to driving and that she had taken "a list of pills," including "[h]ydrocodone and some other ones that I'm not real sure what they were, Seroquel." Trooper Stiles also recalled that Hodges told jail officials that she takes 1 milligram of Xanax three times of day and 200 milligrams of Seroquel three times a day and that she took her last doses earlier in the morning on the day of the wreck.

Jeff Mincy, EMS chief for Coryell Memorial Healthcare System, recounted that Hodges told him that she took benzodiazepine, a sedative and a controlled substance, as well as Xanax, Temazepam, and Phenergan, a nausea medication that has a potentiating effect with sedatives. Furthermore, Heather Reeder, a paramedic EMS education coordinator at Coryell EMS, testified that Hodges told her that she had two mixed drinks and had taken prescription medications, Xanax, Temazepam, and Phenergan, a couple of hours prior to driving. And finally, Hodges's own Defense Exhibit 1 included an entry dated May 20, 2015, which indicated that Hodges has taken ranitidine, "benzos and marijuana."

As shown above, the complained-of PSIR evidence is cumulative of evidence the jury had already heard. Thus, we cannot say that defense counsel's failure to object to Roberts's testimony under article 42A.254 fell outside the bounds of the professional

norm for reasonableness. *See Gullatt v. State*, 368 S.W.3d 559, 565 (Tex. App.—Waco 2011, pet. ref'd) (concluding that the failure to object to evidence that was cumulative of other evidence admitted did not fall outside of the bounds of the professional norm for reasonableness); *see also Ex parte Martinez*, 330 S.W.3d at 901; *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) ("Our rule . . . is that overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling."). In other words, Hodges failed to establish the first prong of *Strickland* with regard to her second issue. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Lopez*, 343 S.W.3d at 142.

In her third issue, Hodges contends that her trial counsel was ineffective for failing to object to custodial questions and answers purportedly in violation of article 38.22 of the Code of Criminal Procedure. In particular, Hodges complains about the testimony of Trooper Stiles regarding statements she made at the time of arrest and at the jail without article 38.22 warnings. These statements included her admission to drinking and taking medication, the timing of her drinking, and her admission that she operated the motor vehicle.

Once again, the complained-of evidence is cumulative of evidence the jury already heard. The evidence showed that Hodges told Mincy that she had taken benzodiazepine, Xanax, Temazepam, and Phenergan, on the day in question and that she had consumed "vodka mixed drinks." Mincy further noted that Hodges "told me she was the driver,

and she told me that she was drinking alcohol, and she told me she was taking controlled substances." Reeder corroborated Mincy's testimony and explained that Hodges stated that she had consumed the medicine and alcoholic beverages "within a couple of hours" of the wreck "because she said she drank a mixed drink and took her medicine before she left. So it had to have been within a couple of hours." Because the complained-of evidence is cumulative of evidence the jury heard, we cannot say that defense counsel's failure to object to Trooper Stiles's testimony fell outside the bounds of the professional norm for reasonableness. *See Gullatt*, 368 S.W.3d at 565; *see also Ex parte Martinez*, 330 S.W.3d at 901; *Leday*, 983 S.W.2d at 718. And as such, we conclude that Hodges failed to establish the first prong of *Strickland* with regard to her third issue. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Lopez*, 343 S.W.3d at 142. Based on the foregoing, we overrule Hodges's second and third issues.

### III. CONCLUSION

We affirm the judgment of the trial court as modified.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
Affirmed as modified
Opinion delivered and filed March 13, 2019
Do not publish
[CR25]

